UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Eddie Lee Carter, # 273095, ) | C/A No. 2:04-2005-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| Ms. Karen Wilson, Cafeteria Supervisor; ) | |
| Ruth Sherbert, Lieutenant; Amy Spencer, ) | |
| Head Nurse; Mr. Smith, Cafeteria Head ) | |
| Supervisor; J.C. Counts, Warden; and Steve ) | |
| Rex, Head Food Service Inspector, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Eddie Lee Carter brought this action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated. At the time of the allegations in this lawsuit, plaintiff was an inmate with the Tyger River Correctional Institution ("TRCI"). In particular, the plaintiff alleges that the defendants subjected him to cruel and unusual punishment and were deliberately indifferent to his medical treatment.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling. This matter is before the court on defendants' motion for summary judgment filed October 29, 2004. By order filed November 3, 2004, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff filed a response to the motion for summary judgment on January 18, 2005. On February 18, 2005, United States Magistrate Carr issued a report analyzing the issues and

1

recommending that the District Court grant the defendants' motion for summary judgment. The plaintiff filed objections to the report and recommendation.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. *Id*. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

**Facts**

The Court agrees with the factual and procedural background as set forth by the Magistrate Judge in his Report and Recommendation. The court therefore adopts the Magistrate Judge's version of the facts in this case to the extent such facts are not specifically included herein.

Plaintiff alleges that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment when he was made to use a defective tea boiler which subsequently tipped over and caused burns on various parts of his body. Plaintiff further claims that he was allowed to suffer from his injuries without adequate medical attention immediately after the incident, in violation of written prison emergency care procedures.

**Summary Judgment Standard**

Defendants filed their motion for summary judgment pursuant to Rule 56, FRCP. The moving party bears the burden of showing that summary judgment is proper. Summary Judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rules 56(c), FRCP; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. *Celotex*, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine issue for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine issue for trial. Fed. R. Civ. P. 56(e); *Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *Barber v. Hosp. Corp. of Am.*, 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at trial on the merits." *Mitchell v. Data General Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993).

**Discussion**

Plaintiff makes several objections to the Report. He first argues that it is improper to grant summary judgment without allowing him to first complete discovery. Plaintiff also objects on the

basis that "his Complaint was sufficient to state a claim of deliberate indifference to the unsafe working conditions which caused his injuries and to the delay in medical care immediately following the incident." (Objections p. 2)

**Discovery Request**

In his objections plaintiff states: "The Plaintiff filed a request for enlargement of time as well as requests for discovery and interrogatories on December 6, 2004." (Objections p. 1) Plaintiff takes issue with the Magistrate Judge's order denying his request to compel discovery on the basis that it is not necessary for a determination on the summary judgment motion.

With respect to a magistrate judge's ruling on a nondispositive pretrial matter, a district court shall "modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law." FED.R.CIV.P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [nondispositive] pretrial matter . . . where it has been shown that the magistrate's order is clearly erroneous or contrary to law."). The Supreme Court has stated that a finding is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 394 (1948).

As a general rule, summary judgment is appropriate only after adequate time for discovery. *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996). Initially, the Court notes that plaintiff's motion for discovery was not made until after defendants' filed their motion for summary judgment and four months after the service of the complaint was authorized. Additionally, Federal Rule of Civil Procedure 56(f) requires the nonmoving party to submit an affidavit showing that it could not properly oppose a motion for summary judgment without a chance to conduct

4

discovery. Plaintiff has failed to submit any such affidavit and Judge Carr's order was based on his conclusion that the discovery was not necessary for a ruling on the motion for summary judgment.

Plaintiff has made no arguments to the court as to why the Magistrate Judge's Order is clearly erroneous or contrary to law. Nonetheless, the Court has reviewed this matter and finds that Magistrate Judge Carr's December 23, 2004 Order is not clearly erroneous or contrary to law. Accordingly, the Order is affirmed.

**Cruel and Unusual Punishment**

Plaintiff objects to the Magistrate Judge's recommendation that he fails to state a claim upon which relief can be granted as to his cruel and unusual punishment claim. He alleges "that he was forced to use a pot to make tea even though Defendant Wilson knew the pot was defective and was unsafe to use." (Objections pp. 2-3)

"The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Prison officials are responsible for ensuring "that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A prisoner must show that he was exposed to a substantial risk of serious harm and that the defendants acted with deliberate indifference or recklessness in order to state a claim of cruel and unusual punishment. *Id.* at 828. The Supreme Court has adopted an objective test for deliberate indifference: "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must

also draw the inference." *Id*. at 837.

Plaintiff asserts that his kitchen supervisors knew of the faulty condition of the steam pot. He states in his complaint that he and several inmates had warned that the steam pot was broke and that his food service supervisor filed a report to that affect. Despite these allegations, Carter has not offered evidence that his supervisors acted with the requisite state of mind in failing to repair the piece of equipment. At best, he has offered evidence sufficient to go forward on a claim of negligence. Negligence cannot support an Eighth Amendment claim in a 42 U.S.C. § 1983 cause of action. *Wilson v. Seiter*, 501 U.S. 294 (1991).

**Medical Claims**

The plaintiff objects to the Magistrate Judge's finding that he fails to show deliberate indifference to his medical needs. Plaintiff states that "he was no seen by any medical personnel for almost two (2) hours and not seen by a doctor for about three (3) hours." (Objections p. 3).

In the case of *Estelle v. Gamble*, 429 U.S. 91 (1976), the Supreme Court reviewed the Eighth Amendment prohibition of punishments which "involve the unnecessary and wanton infliction of pain." *Id. quoting Gregg v. Georgia*, 428 U.S. 153, 169-173 (1976). The Court stated:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. . . . We therefore conclude that deliberate indifference to serious medical needs of a prisoner constitutes the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

*Estelle*, 429 U.S. at 103-1005 (Footnotes and internal citation omitted). Despite finding that "deliberate indifference to serious medical needs" was violative of a constitutionally protected right,

the court was careful to note, however, that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation:

> a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 107.

The Fourth Circuit Court of Appeals has also considered this issue in the case of *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990). In that case, the court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness, . . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." *Id*. at 851 (internal citations omitted). Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. *Estelle*; *supra*; *Farmer v. Brennan*, 511 U.S. 825 (1994); *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir. 1986).

In order to establish a prima facie case under the Eighth Amendment, plaintiff must show that, objectively assessed, he had a "sufficiently serious" medical need to require treatment." *Brice v. Virginia Beach Correctional Ctr.*, 58 F.3d 101, 104 (4th Cir. 1995). "A medical need is 'serious' if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention' or if denial of or a delay in treatment causes the inmate 'to suffer a life-long handicap or permanent loss.'" *Coppage v. Mann*, 906 F. Supp. 1025, 1037 (E.D. Va. 1995) (*quoting Monmouth Co. Correctional Institution*

7

*Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

Further, incorrect medical treatment, such as an incorrect diagnosis, is not actionable under 42 U.S.C. § 1983. *Estelle*, *supra*. Negligence, in general, is not actionable under 42 U.S.C. § 1983. *See Davidson v. Cannon*, 74 U.S. 344, 345-48 (1986); *Daniels v. Williams*, 474 U.S. 327, 328-36 & n.3 (1986); *Pink v. Lester*, 52 F.3d 73, 38 (4th Cir. 1995) (*applying Daniels v. Williams and Ruefly v. London*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct."); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987).

Additionally, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. *DeShaney v. Winnebago County Dept. of Social Servs.*, 489 U.S. 189, 200-03 (1989). Similarly, medical malpractice is not actionable under 42 U.S.C. § 1983. *Estelle, supra*, at 106. ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.") Thus, even if the plaintiff were able to show that defendants' actions somehow constituted medical negligence or medical malpractice, these are not actionable under 42 U.S.C. § 1983.

"Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). Although the provision of medical care by prison officials is not discretionary, the type and amount of medical care is discretionary. *See Brown v. Thompson*, 868 F. Supp. 326 (S.D. Ga. 1994). Further, a disagreement as to the proper treatment to be received does not in and of itself state a constitutional violation. *See Smart v. Villar*, 547 F.2d 112 (10th Cir. 1976); *Lamb v. Maschner*, 633 F. Supp. 351, 353 (D. Kan 1986). Mistakes of medical judgment are not subject to judicial review in a § 1983 action. *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975).

Here, Clark has failed to carry his burden of showing a disputed issue of material fact. The

8

medical records indicate that the plaintiff was immediately given treatment in accordance with SCDC policy by contacting a facility that had twenty-four (24) hour medical staff.[1] Plaintiff was treated according to the on-call staff's instructions, and plaintiff was then examined by the nurse at TRCI when she arrived on duty. That nurse contacted the on-call physician for approval to give the plaintiff pain medication to make him more comfortable. Plaintiff was later transferred to Kirkland Correctional Institution ("KCI") where he stayed for three (3) weeks to allow him to recuperate in the SCDC infirmary. The proper inquiry in an Eighth Amendment medical indifference case is whether the prison officials disregarded a serious medical condition; the plaintiff's agreement or disagreement with the treatment is irrelevant. *Lamb*, 633 F. Supp. at 353. To the extent Carter wanted more or different treatment than he received, and to the extent Carter disagreed with his treatment, such claims are not actionable in a civil rights action. *Russell*, 528 F.2d at 319.

As discussed above, the allegations of the plaintiff and the information to support defendants' motion for summary judgment do not rise to the level of an actionable constitutional violation pursuant to § 1983. However, giving his complaint liberal construction, to the extent the plaintiff has alleged a claim under the South Carolina Tort Claims Act, this Court declines to accept jurisdiction over those state law claims pursuant to 28 U.S.C. § 1367, but does not advise plaintiff as to what action, if any, to pursue in state court.

## Conclusion

After a review of the case law and record before it, the Court adopts the Report and Recommendation of the Magistrate Judge, incorporates it herein, and overrules plaintiff's objections. For the reasons stated therein and in this order, defendants' motion for summary judgment is

---

[1] TRCI is not an institution with twenty-four (24) hour medical staff.

**GRANTED**.

      **IT IS SO ORDERED**.

                                      s/ R. Bryan Harwell  
                                      R. Bryan Harwell  
                                      United States District Judge

May 31, 2005  
Florence, SC